## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Kelvin Meredith,

               Plaintiff,

v.                                                    Case No. 1:20-cv-3280-MLB

McKesson Medical-Surgical, Inc.;
McKesson Corporation; ABC
Corporation; and John Doe,

               Defendants.

_____/

## OPINION & ORDER

Plaintiff Kelvin Meredith and Defendants McKesson Medical-Surgical, Inc. ("McKesson Medical-Surgical") and McKesson Corporation move to amend Plaintiff's complaint to add and drop party defendants. (Dkt. 19.)  The Court grants in part and denies in part that motion.

## I.    Background

This is a personal injury action arising from an incident that occurred at a McKesson Medical-Surgical distribution facility in Suwanee, Georgia on August 6, 2018.  (Dkts. 1-1 ¶ 1; 19 ¶ 1.)  Plaintiff alleges he was injured while delivering a load of high value medical

supplies.  (*Id.*)  He says an unknown dock worker opened the doors to his trailer but failed to secure the doors, causing a large steel door to "violently swing open" and strike him in the head and neck.  (Dkt. 1-1 ¶¶ 6-15.)  Plaintiff filed his complaint in state court on July 7, 2020.  (Dkt. 1 1.)  At that time, he believed the unidentified dock worker was employed by Defendant McKesson Corporation or McKesson Medical-Surgical. (Dkt. 19 ¶ 2.)  Defendants removed to this Court.  (Dkt. 1.)

On February 1, 2021, Defendants submitted written discovery responses, identifying the "unknown" worker as someone named Rafael Cabral[1] and explaining that Mr. Cabral was not their employee.  (*Id.* ¶ 3.)  Defendant McKesson Medical-Surgical explained that Mr. Cabral was employed by and working for Rogers-Premier Unloading Services, LLC ("Rogers-Premier") and/or Capstone Logistics, LLC ("Capstone Logistics") pursuant to a service agreement between McKesson Medical-Surgical and Rogers-Premier.  (*Id.*)  Defendants also disclosed that Defendant McKesson Medical-Surgical managed and operated the

---

[1] The parties cite docket 17, but that docket entry is the Court's amendment to its order on court operations under COVID-19.  (Dkt. 17.)

subject distribution facility, but Defendant McKesson Corporation had no involvement with the facility at the time of the incident.  (*Id.*)

On September 4, 2020, the parties submitted their Joint Preliminary Report and Discovery Plan, wherein they agreed that "[a]mendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary statement is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law." (Dkt. 9 at 4.)  The parties also indicated they anticipated Plaintiff's need to amend the complaint to add defendants identified during discovery.  (*Id.*)   On September 9, 2020, the Court entered a Scheduling Order, saying "[t]he time limits for adding parties[ and] amending the pleadings . . . are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court."  (Dkt. 12 at 1.)

On March 2, 2021, the parties moved to amend.  (Dkt. 19.)  Pursuant to Federal Rules of Civil Procedure 15 and 21, they seek permission for Plaintiff to file an amended complaint adding Rogers-Premier and Capstone Logistics as defendants and relating Plaintiff's claims against them back to the date Plaintiff filed his original pleadings.  (*Id.* ¶ 5.)  The parties also request McKesson Corporation be dropped and

dismissed without prejudice from this action pursuant to Rules 21 and

41.  (*Id.* ¶ 10.)

## II.   Discussion

Federal Rule of Civil Procedure 15(c)(1) governs relation back of

amendments, and provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A)   the law that provides the applicable statute of limitations allows relation back;
>
> (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C)   the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment:
>
> > (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).  The Court discusses the provisions in turn.

Rule 15(c)(1)(A) "incorporates the relation-back rules of the law of

a state when that state's law provides the statute of limitations." *Saxton*

*v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001).  "As a result, if

an amendment relates back under the law that provides the applicable

statute of limitations, that amendment relates back under Rule 15(c)(1)

even if the amendment would not relate back under the federal law

rules."  *Id.*  Georgia has a two-year statute of limitations for personal

injury claims.  O.C.G.A. § 9-3-33.  Plaintiff's claims accrued on the date

of his injury, August 6, 2018, and the statute of limitations for his claims

expired on August 6, 2020.  Plaintiff filed his initial complaint on July 7,

2020, but he did not name Rogers-Premier or Capstone Logistics.  Under

Georgia's rule on relation back, O.C.G.A. § 9 11-15(c), an amended

complaint that adds a new defendant relates back to the original

complaint if the claim "arises out of the conduct, transaction, or

occurrence set forth or attempted to be set forth in the original pleading"

and

> if ***within the period provided by law for commencing the
> action*** against him the party to be brought in by amendment
> (1) has received such notice of the institution of the action that
> he will not be prejudiced in maintaining his defense on the
> merits, and (2) knew or should have known that, but for a
> mistake concerning the identity of the proper party, the action
> would have been brought against him.

O.C.G.A. § 9-11-15(c) (emphasis added). The parties allege "[t]he amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original Complaint and the parties to be brought into the action received such notice of the action that they will not be prejudiced in defending the action on the merits and knew or should have known that the action would have been brought against them, but for a mistake concerning the proper[] party's identity." (Dkt. 19 ¶ 9.) This allegation does not reveal **when** Rogers-Premier and Capstone Logistics received such notice of the action. The Court thus cannot determine whether such alleged notice occurred within the limitations period. On these allegations, the amendments adding these entities as defendants would thus not relate back to the filing of this lawsuit under Georgia law, and the proposed claims against those defendants are time-barred.

"Rule 15(c)(1)(B), at first glance, would seem to permit Plaintiff to add [the new parties] as defendants, because Plaintiff's claims against those individuals arise from the same transaction or occurrence as detailed in Plaintiff's original Complaint." *Presnell v. Georgia Bureau of Investigation*, No. 4:10-CV-60, 2010 WL 11520595, at *2 (N.D. Ga. Dec. 28, 2010). But satisfying Rule 15(c)(1)(B) is not enough when a plaintiff's

proposed amendment "does not add claims against parties already involved in the action, but, rather, seeks to add parties." *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp. 2d 785, 792 (N.D. Ohio 2010). Instead, a plaintiff seeking to add a new party must also satisfy Rule 15(c)(1)(C)'s requirements. *See Wilson v. Delta Airlines, Inc.*, No. 2:09-cv-2687, 2010 WL 2836326, at *4 (W.D. Tenn. July 19, 2010). Under that Rule, an amendment that changes the party against whom a claim is asserted relates back to the initial complaint if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out— or attempted to be set out—in the original pleading" and if the party to be brought in by amendment— within ninety days after the filing of the initial complaint—"received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)–(C); *see also* Fed. R. Civ. P. 4(m) (establishing 90-day time limit for service). The parties' allegations fail to show Rogers-Premier and Capstone Logistics knew of the action within the 90-day period for service of process. Plaintiff's proposed amendments seeking to add these entities

7

as defendants thus will not relate back to the filing of Plaintiff's initial complaint.

The Eleventh Circuit has also held that a plaintiff's "lack of knowledge regarding the identities of the [defendants] does not constitute a 'mistake concerning the identity of the proper party.'" *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc). "In that case, the plaintiff named several 'John Doe' defendants, then, after the limitations period had passed, amended the complaint with the names of the proper defendants." *Estate of Russell by and through Gardner v. City of Anniston*, No. 1:15-cv-1080, 2018 WL 4006874, at *2 (N.D. Ala. Aug. 22, 2018). The Eleventh Circuit explained that it does "not read the word 'mistake' to mean 'lack of knowledge.' For these purposes, ignorance does not equate to misnomer or misidentification." *Wayne*, 197 F.3d at 1103; *see also Fowler v. Coad*, No. 3:14-cv-309, 2015 WL 1843243, at *2 (N.D. Fla. Apr. 22, 2015) ("Courts have squarely held that when a complaint substitutes a previously unidentified 'John Doe' defendant with a named defendant, the amendment does not relate back under Rule 15(c)(1)(C)."); *Mack v. Loizzo*, No. 08-20181-CIV, 2009 WL

8

4840200, at *3 (S.D. Fla. Dec.14, 2009) ("[B]ecause Plaintiff similarly did not know [Defendant's] identity when he filed his original Complaint, *Wayne* precludes the claim against [Defendant] in Plaintiff's Amended Complaint from relating back to Plaintiff's original Complaint."); *Danhi v. Charlotte Cnty. Sheriff's Dep't*, No. 2:03-cv-628, 2006 WL 2226323, at *4 (M.D. Fla. Aug.3, 2006) (finding Plaintiff's attempt to substitute "John Doe" defendant with named defendant did not relate back to original complaint). Plaintiff's proposed amendments adding Rogers-Premier and Capstone Logistics will not relate back to the filing of Plaintiff's initial complaint and are consequently barred.[2]   The Court thus denies the portion of the motion to amend that seeks to add these entities.

---

[2] The Court notes it also cannot determine whether adding Rogers-Premier and Capstone Logistics as defendants would destroy diversity. To properly allege the citizenship of an LLC, all members of the LLC and their citizenships must be identified. *See Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[For purposes of diversity jurisdiction, a] limited liability company is a citizen of any state of which a member of the company is a citizen."). The parties allege Rogers-Premier is a North Carolina limited liability company and Capstone Logistics is a Delaware limited liability company. (Dkt. 19 ¶ 5.) The parties contend the addition of these entities as defendants will not "affect the Court's subject matter jurisdiction as complete diversity still exists among the Plaintiff and Defendants." (*Id.* ¶ 6.) The parties claim Rogers-Premier's and Capstone Logistics' "members do not defeat complete diversity among the Plaintiff and Defendants." (*Id.* ¶¶ 7–8.)

The parties also move to drop Defendant McKesson Corporation pursuant to Rules 21 and 41.  (Dkt. 19 ¶ 10.)  Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *see also Davison v. Ga. Corr. Health, LLC*, No. CV 616-039, 2016 WL 3365453, at *1 (S.D. Ga. June 15, 2016) (granting unopposed motion to dismiss a defendant pursuant to Rule 21 after plaintiff filed an amended complaint that did not name that defendant); *CAR Transp. Brokerage Co. v. John Bleakley R.V. Ctr., Inc.*, No. 1:06-cv-1728, 2008 WL 11416958, at *1 n.1 (N.D. Ga. Sept. 25, 2008) (construing a stipulation of dismissal pursuant to Rule 41(a)(1) as a joint motion to drop a party-defendant pursuant to Rule 21).  The Court grants the parties request to dismiss McKesson Corporation without prejudice.

## III.  Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** the Consent Motion for Leave to Allow Plaintiff to Amend Complaint to Add and Drop Party Defendants and Have it Related Back to the Date of the Original Pleadings Pursuant to Fed.R.Civ.P. 15 and 21 (Dtk. 19).  The

---

But affirmative pleading of citizenship is required and the citizenship of each member of each LLC must be alleged.  *See Alanazi v. Avco Corp.*, No. 6:19-cv-2230, 2019 WL 6324007, at *1 (M.D. Fla. Nov. 26, 2019).

Court **DISMISSES WITHOUT PREJUDICE** Defendant McKesson

Corporation.

    **SO ORDERED** this 4th day of November, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE